ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KELSEY C. DAVIDSON (CABN 322323)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6959
    Fax: (415) 436-7027
    kelsey.davidson@usdoj.gov

Attorneys for United States of America

**FILED**
Aug 31 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:23-CR-00217-WHA |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| FERNANDO AGUILERA, | |
| Defendant. | |

On July 18, 2023, defendant Fernando Aguilera was charged by Indictment with being a felon in possession in violation of 18 U.S.C. § 922(g)(1).

This matter came before the Court on August 18, 2023 for a detention hearing. The defendant was present and represented by Daniel Blank. Assistant United States Attorney Kelsey Davidson appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required and clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other

[~~PROPOSED~~] DETENTION ORDER
3:23-CR-00217-WHA
1

person or the community. Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion:

The defendant was arrested for being in possession of a loaded firearm. The defendant was on probation at the time he committed this offense and had a prior conviction from 2019 for a similar offense. Additionally, this was more than just mere possession. There is evidence that the defendant took the firearm out at a bar, fired it at the sky, and pointed it at a police officer. All of this supports a finding that no set of circumstances will reasonably assure the safety of the community. Moreover, the defendant has a transient living situation and fled when police officers attempted to arrest him for the instant offense. This supports a finding that there are no set of circumstances that will reasonably assure his appearance.

This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: August 31, 2023

HONORABLE THOMAS S. HIXSON
United States Magistrate Judge

[PROPOSED] DETENTION ORDER      2
3:23-CR-00217-WHA