UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 23-00217 WHA |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT UNDER THE COMMERCE CLAUSE** |
| FERNANDO AGUILERA, | |
| Defendant. | |

In this 18 U.S.C. Section 922(g)(1) prosecution, defendant Fernando Aguilera moves to dismiss the indictment against him, arguing that Section 922(g)(1) is unconstitutional under the Commerce Clause.

Section 922(g)(1) provides that:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The Supreme Court in *United States v. Lopez* delineated three separate bases for jurisdiction under the Commerce Clause: (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) "activities having a

substantial relation to interstate commerce . . . *i.e.*, those activities that substantially affect interstate commerce." 514 U.S. 549, 558-559 (1995).

Defendant argues that Section 922(g) falls outside those boundaries. The law in our circuit, however, is settled:

> 922(g) can rationally be seen as regulating the interstate transportation of firearms and ammunition and so constitutes a valid exercise of Congress' power to regulate activity in the second of these three categories. It can also be seen as falling within the third category, which requires only a minimal nexus that the firearm in question have moved in interstate commerce at some time.

*United States v. Jones*, 231 F.3d 508, 514 (9th Cir. 2000).

Defendant counters that Section 922(g)(1) is unconstitutional under *Lopez* and its progeny, namely *United States v. Morrison* and *United States v. Jones*, because the activity regulated does not have a sufficient nexus with interstate commerce (Dkt. No. 61 at 3-8). *United States v. Morrison*, 529 U.S. 598 (2000); *Jones v. United States*, 529 U.S. 848 (2000). This argument has been rejected by our court of appeals every time it has gone up. *United States v. Latu* is illustrative:

> Latu contends that § 922(g), like the statutes involved in *Lopez* and *Morrison*, contains an insufficient nexus to interstate commerce. However, Latu implicitly concedes the futility of his argument, by noting that he raised the issue primarily to preserve it for en banc or Supreme Court review. Latu's implicit concession is well-founded, as we have repeatedly upheld § 922(g), both facially and as applied, in the face of Commerce Clause challenges. We also recently rejected a challenge similar to Latu's, stating that "[t]his court has . . . expressly and repeatedly rejected defendant's reading of the law, even after *Morrison* and *Lopez* were decided."
>
> Unlike the statutes at issue in *Lopez* and *Morrison*, § 922(g) contains a jurisdictional element, specifically requiring that Latu's possession be "in or affecting commerce." The presence of the jurisdictional element satisfies the Commerce Clause concerns articulated in *Lopez*.

479 F.3d 1153, 1156 (9th Cir. 2007). Defendant responds that our court of appeals "misunderstands both the initial Supreme Court case from which the 'minimal nexus' test

2

comes, as well as later, post-*Lopez* Supreme Court precedent," and that its decisions on the matter are therefore "misguided" (Dkt. No. 61 at 4-5). In support, he points to a string of dissents that "have recognized the fundamental inconsistencies" between *Lopez* and the law in our circuit (Dkt. No. 61 at 1). That is not enough.

Defendant also argues that mere possession is passive conduct, not economic "activity," and therefore falls outside the scope of the Commerce Clause (Dkt. No. 61 at 3-4). That, too, has been heard and denied by our court of appeals. *See United States v. Alderman*, 565 F.3d 641 (9th Cir. 2009).

Defendant's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 12, 2024.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE